ANDREW J. SMITH et al.

v.

MARQUIS D. L. GAINES et al.

A great uncle and first cousin, both being related to the person last seized in equal degree, viz., the fourth, and being his nearest surviving kindred, are entitled to succeed to his lands as tenants in common in equal parts, under the sixth section of the statute of descent.

Argued on bill and demurrer.

*Mr. B. Williamson*, for demurrants.

*Mr. H. C. Pitney* and *Mr. Barker Gummere*, for complainants.

VAN FLEET, V. C.

This is a suit for partition. The bill is filed by a great-uncle against a first cousin. The bill proceeds upon the theory that the parties to the suit were of equal degree of consanguinity to the person last seized of the lands sought to be divided, and that in consequence of his dying intestate, without leaving nearer kindred, the lands, by force of the sixth section of our statute directing the descent of real estate, descended to them as tenants in common in equal parts. To this bill the defendant has interposed a demurrer, denying that the complainant stands in equal degree of consanguinity with him to the person last seized, and claiming that he alone is the next or nearest collateral kindred of the person last seized, and as such is entitled to the whole of the inheritance. The question thus raised, it will be perceived, is one simply involving an inquiry as to whether the litigants are of equal degree of consanguinity to the person last seized.

The fact that the whole inheritance must go to a single individual, if the defendant's claim is found to be true, will not prevent him from succeeding to the whole; for though this section,

5

Smith v. Gaines.

in its literal structure, makes provision only for inheritance by "several persons all of equal degree of consanguinity," and declares that they shall take "as tenants in common in equal parts," yet it has been construed to define the right of inheritance of a single individual, as well as that of several persons, or a class. The plain design of the section has been declared to be, to give the estate to the nearest collateral kindred; if there be more than one survivor in that class, then to such survivors equally; if but one survivor, to that one wholly. *Taylor* v. *Bray, 3 Vr. 182.* Nor, on the other hand, is the great-uncle to be precluded from succeeding to the inheritance, because, in order to reach him, the inheritance must ascend. The first canon of descent declares that inheritances shall never lineally ascend. This canon, although modified by statute so as to let in the father, and also the mother to a limited extent, in certain designated junctures, is still in force in this state. *Bray* v. *Taylor, 7 Vr. 415.* But it simply excludes lineal ancestors, not collateral kindred. Littleton says:

"If there be father and son, and the father hath a brother, that is uncle to the son, and the son purchase land in fee simple, and die without issue, living his father, the uncle shall have the land as heir to the son, and not the father, yet the father is nearer of blood; but it is a maxim in law that inheritance may lineally descend, but not lineally ascend. *1 Coke on Litt. 106 ₴ 3.*

The question in dispute between the parties seems to me to be entirely free from the least difficulty. It has been authoritatively settled in this state, that the civil law method of computing degrees of consanguinity is the one that must be adopted in ascertaining who are entitled to take land under this section of the statute. *Schenck* v. *Vail, 9 C. E. Gr. 538.* By this method you count upward from either of the persons related, to the common ancestor, and then downward again to the other, reckoning a degree for each person, both ascending and descending. *2 Bl. Com. 207; 1 Wms. on Exrs. (6th Am. ed.) 421; Bingham on Descent 299; 4 Kent's Com. 412.* Computed by this rule, each of the claimants here is related to the person last seized in the fourth degree.

Smith *v.* Gaines.

To illustrate : To ascertain the degree of relationship of the *propositus* to his first cousin, we count from the *propositus* up to his father, one degree ; then from his father to the common ancestor, which is his grandfather, two ; then, down from his grandfather to his uncle, three ; and from his uncle to his cousin, four. They are related in the fourth degree. A like computation will give the degree of consanguinity existing between the *propositus* and his great-uncle. From the *propositus* up to his father is one degree ; from his father up to his grandfather is two ; and from his grandfather up to his great-grandfather, who, in this computation, is the common ancestor, is three ; and then, descending, from his great-grandfather to his great-uncle, is four. They, too, are related in the fourth degree. Other examples, showing how degrees are computed by the rule of the civil law, will be found given in *1 Wms. on Exrs. (6th Am. ed.) 421 ;* and in *3 Wms. on Exrs. 2069,* where a table is given showing computations extending to the sixth degree.

Chief-Justice Beasley, in *Taylor* v. *Bray, 3 Vr. 185,* announced as a proposition which, to his mind, was free from all reasonable doubt, that under this section of the statute uncles and aunts would take before, and in exclusion of cousins. The reason is evident. An uncle or aunt is related in the third degree, while a cousin stands one degree more remote. Mr. Christian, in note 58 to *2 Bl. Com. ( Wendell's ed.) 516,* says :

" If the next of kin of an intestate are great-uncles, or aunts, first cousins and great-nephews or nieces, they all being related in the fourth degree [by the civil law method of computation] will each be admitted to an equal distributive share of his personal property."

But this is not a question to be solved by argument or authorities. The rule by which degrees of consanguinity are to be computed, in ascertaining upon whom the law, as prescribed by this section, casts the inheritance, having been authoritatively settled and defined by the court of last resort, the duty of subordinate tribunals is fully performed when they simply make a calculation in accordance with such rule, and pronounce judgment in conformity to the result thus ascertained.

The demurrer is overruled, with costs.